UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ward E. Jackson, | Civ. No. 25-4094 (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Pioneer Bank; David Krause, in his individual and supervisory capacities; Lance Jeppson, in his individual and supervisory capacities; Blue Earth County, under Monell Liability; Gregory Anderson, Judge, in his individual and official capacities; Blue Earth County Court Administrator, in individual and official capacities; Clerk of the Appellate Courts (State of Minnesota), in individual and official capacities, and John/Jane Does 1-20, unknown persons who accessed or directed access to Plaintiff's devices, accounts, or network, and/or altered, substituted, suppressed, or manipulated court or case documents, filings, dockets, or transcripts, | |
| Defendants. | |

Plaintiff Ward E. Jackson did not pay the filing fee for this matter, instead applying for in forma pauperis ("IFP") status. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, the Court concludes that Jackson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on

which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  Id. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The brief Complaint filed by Jackson in this matter consists almost entirely of conclusory allegations.  Throughout the two-page pleading, Jackson uses terms like "foreclosure abuse," "misallocation of funds," "filing irregularities," "cyber intrusions," "mail fraud," "wire fraud," "bank fraud," and so on to label Defendants' alleged misconduct.  None of these conclusory labels, however, is entitled to a presumption of truth.  What a claimant must do is plead factual allegations that, if true, could cause a reasonable factfinder to conclude that one or more of the defendants violated the law.  Not a single such factual allegation is pleaded in the Complaint.

To the extent that the Court understands Jackson's Complaint at all, it is only through reference to the other, non-pleading materials submitted by Jackson, which make

clear that (1) Jackson is currently subject to eviction and a foreclosure actions; in state court, see Pioneer Bank v. Jackson, No. 07-CV-24-2226 (Minn. Dist. Ct.); Pioneer Bank v. Jackson, No. 07-CV-25-4043 (Minn. Dist. Ct.), and (2) Jackson regards the decisions of both the trial and appellate courts with respect to that case to have been unjust or unfair. Federal district courts, however, do not sit in appellate judgment of the state courts. See Lance v. Dennis, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the Rooker–Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). To the extent that Jackson believes that the state courts have erred in the decisions that have been made, his recourse must come from the state courts themselves.

      This action is therefore dismissed pursuant to § 1915(e)(2)(B) and Jackson's IFP application is denied. Jackson's pending motion for a temporary restraining order is denied on the grounds that he has not established any likelihood of success on the merits of his claims. See Oglala Sioux Tribe v. C & W Enterprises, Inc., 542 F.3d 224, 233 (8th Cir. 2008).

Accordingly, **IT IS HEREBY ORDERED that:**

1. This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. Plaintiff Ward E. Jackson's application to proceed in forma pauperis (Docket No. 3) is **DENIED**; and

3. Jackson's motion for a temporary restraining order (Docket No. 4) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 25, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge